# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH STATE TAX COMMISSION; JOHN L. VALENTINE, Commissioner and Chair of the UTAH STATE TAX COMMISSION; and the STATE OF UTAH,<br><br>    Defendants,<br>v.<br><br>BEAVER COUNTY, BOX ELDER COUNTY, CARBON COUNTY, EMERY COUNTY, GRAND COUNTY, MILLARD COUNTY, SALT LAKE COUNTY, and TOOELE COUNTY,<br><br>    Intervenor Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:18-cv-00630-DAK-DBP**<br><br>**Judge Dale A. Kimball** |

This matter comes before the court on Plaintiff Union Pacific Railroad Company's "Motion to Dismiss Intervening Counties' Crossclaim and to Deny Intervening Counties' Request for Stay" [Docket No. 72].The court held a hearing on the motion on July 9, 2019. At the hearing, David J. Crapo represented the Plaintiff, Bridget K. Romano represented Intervening Defendant Salt Lake County, David W. Scofield and Thomas William Peters represented the other County Defendants, and Tyler R. Green, John C. McCarrey, and Michelle A. Lombardi represented the Tax Commission Defendants. Having fully and carefully considered the motion and memoranda submitted by the parties, as well as the facts and law relevant to this motion, the

court enters the following Memorandum Decision and Order denying Plaintiff's Motion to Dismiss.

## BACKGROUND

Plaintiff Union Pacific Railroad Company ("UPRR") engages in interstate commerce as a common carrier by railroad. UPRR is duly qualified to do business in the State of Utah and owns property subject to ad valorem taxation in Utah. Defendant Utah State Tax Commission ("Commission") is the agency of the State of Utah that assesses and enforces property taxes, Defendant John L. Valentine is a Commissioner and Chair of the Commission, and Defendant State of Utah is the government entity ultimately responsible for the assessment and enforcement of the property taxes at issue in this case (collectively "State Defendants"). Intervening Defendants (collectively "Counties") are Salt Lake County, Beaver County, Box Elder County, Carbon County, Emery County, Grand County, Millard County, and Tooele County.

In accordance with Utah law, the Commission determines the value of all rail transportation property by May 1st of each year. By May 1st of 2018, the Property Tax Division of the Commission issued a property tax assessment to UPRR determining that the fair market value of UPRR's taxable Utah rail transportation property was $1,678,511,732 for the 2018 tax year. After a Section 306 reduction based on a sales ratio study, the resulting taxable amount was $1,552,959,050. However, UPRR alleges that the true market value of its Utah rail transportation property should not be higher than approximately $885,000,000, and therefore its property is being assessed at a ratio of 175% its true market value, while other commercial and industrial property in Utah is assessed at a ratio of 92.52%.

On July 27, 2018, UPRR filed a Request for Agency Action and Petition for Redetermination with the Commission to request a redetermination lowering its assessed value.

Then, August 10, 2018, UPRR filed the instant action, seeking injunctive and declaratory relief for violations of 49 U.S.C. § 11501 (the "4-R Act"). Specifically, UPRR seeks a determination of the true market value of its Utah rail transportation property. In August and September of 2018, multiple counties filed separate objections and appeals with the Commission, requesting that the Commission re-determine and increase the assessed value of UPRR's taxable Utah rail transportation property. On October 26, 2018, nearly all of these counties filed motions to intervene in this federal 4-R Act proceeding. UPRR opposed the motions to intervene, but on January 2, 2019, Magistrate Judge Pead granted the Counties' motions and allowed the Counties to become intervenor defendants in this action.

On March 14, 2019, the Counties answered UPRR's Complaint and included a Crossclaim against the Commission. The Crossclaim, asserted under Fed. R. Civ. P. 13(g) and Utah Code Ann. § 59-2-1007, identifies only the Commission as a defendant, and challenges and objects to the Commission's 2018 Appraisal for Ad Valorem Taxation of UPRR's taxable property. The Counties asserted jurisdiction under 28 U.S.C. § 1367. By its Crossclaim, the Counties assert that the Commission undervalued UPRR's Utah property in violation of Utah law (Article XIII, §§ 2 and 3 of the Utah Constitution and Utah Code Ann. § 59-2-201) and seek an order determining the Utah taxable value of UPRR's properties to be at least $2,200,000,000 in accordance with Utah law. For alternative relief, the Counties request this court to stay action on Plaintiff's principle Complaint, pending resolution of the Counties' Objections and Petitions before the Commission. In response, UPRR filed the instant motion, seeking to dismiss the Intervening Counties' Crossclaim for lack of jurisdiction and to deny their request for stay.

**DISCUSSION**

UPRR brings a Motion to Dismiss Intervening Counties' Crossclaim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2), on the grounds that the court does not have subject-matter jurisdiction over the Crossclaim nor personal jurisdiction over the Utah State Tax Commission. UPRR also requests, pursuant to the 4-R Act, that the court deny the Counties' request for a stay of the federal proceedings as alternative relief. A motion to dismiss a claim for lack of subject matter jurisdiction is grounded in Federal Rule of Civil Procedure 12(b)(1).[1] It is axiomatic that a federal court must have jurisdiction over the subject matter of the claim in order to hear a civil case. To determine if subject matter jurisdiction is authorized, the court must examine applicable federal statutes and constitutional limitations.

In the instant case, the court must determine whether the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA") applies to the Counties' ancillary Crossclaim, because the TIA prohibits federal jurisdiction over the majority of state tax claims. If the TIA applies, the court must then determine whether the 4-R Act allows the court to exercise jurisdiction over the Crossclaim. If neither federal statute prohibits the court from hearing the Crossclaim, the court must decide whether supplemental jurisdiction over the Crossclaim is proper under 28 U.S.C. § 1367. To make this decision, the court must ascertain whether the Commission has waived (or Congress has abrogated by federal statute) sovereign immunity over the Crossclaim. Otherwise, sovereign immunity is a constitutional limitation that would prohibit the court from hearing the Crossclaim.

For reasons discussed below, the court finds that the TIA, the 4-R Act, and sovereign immunity do not restrict the court's jurisdictional authority over the Counties' Crossclaim and

---

[1] UPRR's motion alleges that there is a lack of personal jurisdiction under Rule 12(b)(2) as well because of the Commission's sovereign immunity, but the sovereign immunity arguments actually apply to whether there is subject matter jurisdiction rather than personal jurisdiction. Therefore, Rule 12(b)(1) is the standard that applies to this motion. *See e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

that supplemental jurisdiction is proper under 28 U.S.C. § 1367. Therefore, the court concludes that jurisdiction over the Crossclaim is proper and denies UPRR's motion. Because the court denies the motion, the Counties' request to stay is moot.

**I. The Tax Injunction Act (28 U.S.C. § 1341)**

A key dispute in this case is whether the TIA bars the court from exercising jurisdiction over the Counties' Crossclaim. The TIA mandates that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA was enacted to limit federal court jurisdiction over state tax cases and to bar jurisdiction when federal court action would reduce state tax revenue, so that state taxpayers could not seek federal-court orders to avoid paying state taxes. *See Hibbs v. Winn*, 542 U.S. 88, 104-07 (2004); *Burns v. Conley*, 526 F. Supp. 2d 235, 240-41 (D.R.I. 2007).

UPRR argues that the TIA and supporting case law prohibit federal courts from exercising supplemental jurisdiction over state tax law claims in 4-R Act cases. UPRR asserts that the TIA bars the application of supplemental jurisdiction (including ancillary jurisdiction) under 28 U.S.C. § 1367, and that the Counties did not allege any independent jurisdiction that might abrogate the TIA's jurisdictional bar of the Crossclaim in this court. However, the Counties argue that the TIA does not bar supplemental jurisdiction over their Crossclaim because the Crossclaim falls under an exception to the TIA that allows for federal court jurisdiction over state tax claims where there is no sufficient, alternative state court remedy. The Counties assert that this exception applies because UPRR's 4-R Act filing in this court had the immediate effect of staying, and thus precluding, the Commission from considering the Counties' Objections and Cross-Petitions that the Commission undervalued UPRR's taxable property, thereby leaving the

Counties with no effective state court remedy. The Counties also argue that the TIA does not apply to the Crossclaim because it only takes issue with valuation and does not address or suggest anything about the later assessment, levy, or collection of tax revenue – which is what the TIA would prohibit – and therefore the TIA does not apply to the Counties' Crossclaim and cannot bar it.[2]

The court disagrees with UPRR's argument that the TIA bars the Counties' Crossclaim because the TIA does not apply to the instant Crossclaim. The Supreme Court has held that the TIA was a "remedy tailormade for taxpayers," that the TIA only applies in "cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes," and that the TIA does not apply to "third-party claims that would enlarge state receipts." *Hibbs v. Winn*, 542 U.S. at 107-109; *see also, e.g., BellSouth Telecomms., Inc. v. Farris*, 542 F.3d 499, 504 (6th Cir. 2008); *Luessenhop v. Clinton County*, 466 F.3d 259, 268 (2nd Cir. 2006); *Pickell v. Sands*, No. 2:12-cv-0373 GEB DAD PS, 2012 U.S. Dist. LEXIS 172772, at *17 (E.D. Cal. Dec. 5, 2012); *Burns v. Conley*, 526 F. Supp. 2d at 240-41. The Counties are not taxpayers seeking a federal-court order that would help them avoid paying taxes. But, in fact, they are a third-party with a crossclaim that would enlarge state receipts if this court finds that UPRR's taxable property was undervalued as the Counties claim. Thus, the court concludes that the TIA does not apply to the Counties' Crossclaim, and it does not bar this court from having jurisdiction over the Crossclaim.[3]

---

[2] The court is not determining whether this specific argument is correct. However, the court agrees with the principle that the TIA does not apply to the Counties' crossclaim for reasons stated in the following paragraph.
[3] The arguments as to whether an exception to the TIA applies to the Counties' Crossclaim are immaterial because the TIA itself does not apply.

**II. The 4-R Act (49 U.S.C.S. § 11501)**

The 4-R Act is an exception to the TIA that Congress created because many discriminatory state tax schemes imposed disproportionately high assessments on railroads, and the TIA shielded these assessments from federal judicial scrutiny. *See Burlington N.R. Co. v. James*, 911 F.2d 1297, 1298 (8th Cir. 1990). The 4-R Act allows federal courts to hear railroads' state tax discrimination claims against states and abrogates the states' Eleventh Amendment immunity to these claims. *See Burlington N. R.R. v. Oklahoma Tax* Comm'n, 481 U.S. 454, 464 (1987); *Union Pac. R.R. v. Utah*, 198 F.3d 1201, 1206 (10th Cir. 1999); *Burlington N. R. Co. v. James*, 911 F.2d 1297, 1300 (8th Cir. 1990); *Southern R. Co. v. State Bd. Of Equalization*, 715 F.2d 522, 530 (11th Cir. 1983); *Union Carbide Corp. v. Indiana Bd. of Tax Comm'rs*, 161 F.R.D. 359, 369 (S.D. Ind. 1993).

The parties make much ado about whether the Crossclaim is permissible under the 4-R Act exception to the TIA because it is a supplemental claim to the main 4-R Act claim. The court need not analyze this issue because the TIA does not apply to the Crossclaim, and therefore the 4-R Act has no effect as to whether federal jurisdiction over the Crossclaim is proper. The court notes, however, that its decision in no way expands the very narrow 4-R Act exception to the TIA that specifically applies to railroads' claims of discriminatory tax assessments and does not expand to include supplemental jurisdiction.[4] *See CSX Transp., Inc. v. Ga. State Bd. of Equalization,* 306 F.3d 87, 97 (2007); *Burlington N. R.R. v. Oklahoma Tax* Comm'n, 481 U.S. 454, 457-58 (1987); *Burlington N.R. Co. v. James*, 911 F.2d 1297, 1300 (8th Cir. 1990); *Union Carbide Corp. v. Indiana Bd. of Tax Comm'rs*, 161 F.R.D. 359, 374 (S.D. Ind. 1993).

---

[4] The 4-R Act has no further bearing on the court's decision regarding the motion to dismiss. However, the court acknowledges that the 4-R Act would have further relevance if it were necessary for the court to address the alternative relief issue.

7

**III. Supplemental Jurisdiction Statute (28 U.S.C. § 1367)**

The TIA and the 4-R Act do not restrict this court from exercising jurisdiction over the Counties' Crossclaim, and without those restrictions the court finds that supplemental jurisdiction over the Crossclaim is proper under 28 U.S.C. § 1367.

The case law and doctrines of pendent and ancillary supplemental jurisdiction were codified in 28 U.S.C. § 1367. Section 1367 solidified a federal court's discretion to hear a third party's cause of action that may not be supported by any independent grounds for federal jurisdiction, when that party has a common interest in the outcome of the same underlying issue in the litigation. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978). Accordingly, the Counties contend that the court has ancillary jurisdiction over their Crossclaim because it is the mirror image of Count I of UPRR's Complaint. The Counties allege that the assessed value of UPRR's property is too low, while UPRR alleges that it is too high, and therefore the claims are logically related. UPRR's only response is that the TIA prohibits the court from exercising jurisdiction under 28 U.S.C. § 1367.

As explained above, the court disagrees with UPRR's argument against supplemental jurisdiction in the instant case because the TIA does not apply to the Crossclaim. Therefore, in accordance with the Counties' arguments that this court has supplemental jurisdiction over the Crossclaim, the court concludes that the Counties' Crossclaim is so closely related to the 4-R Act claims that supplemental jurisdiction is proper under 28 U.S.C. § 1367(a). The court also finds that no exception under § 1367(c) applies to the crossclaim.[5] Section 1367 strongly counsels in favor of a court exercising jurisdiction if no exception applies. The court also chooses to exercise

---

[5] 28 U.S.C. § 1367(c): "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

jurisdiction over the Crossclaim because it would be efficient, convenient, and fair. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

**IV. The Eleventh Amendment to the U.S. Constitution**

While the federal statutes applicable to the Counties' Crossclaim allow the court to exercise subject matter jurisdiction, the court recognizes that the Commission's Eleventh Amendment sovereign immunity would bar the Crossclaim if not waived. The Eleventh Amendment protects sovereign immunity by prohibiting federal jurisdiction over suits by individuals against a state and its instrumentalities, unless either the state consents to waive its sovereign immunity or Congress abrogates it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 99. UPRR contends that the Commission did not waive sovereign immunity as to the Crossclaim, and therefore the Crossclaim should be dismissed for lack of jurisdiction. However, the Counties argue that the Commission waived its sovereign immunity as to a determination of the value of UPRR's taxable property.

The Eleventh Amendment does not bar the court from adjudicating the Counties' Crossclaim under 28 U.S.C. § 1367 because the State Defendants expressly waived their sovereign immunity with regard to the court evaluating UPRR's 2018 taxable property and that issue is the basis of the Counties' Crossclaim. The Counties do not ask for monetary relief in this court, only declaratory relief as to the value of UPRR's property. Furthermore, the State Defendants argued at the hearing on this motion that the Counties should have a seat at the table and that allowing the Counties' Crossclaim in this court appears to be the clearest way to do so. Therefore, the court finds that sovereign immunity is waived as to the Counties' Crossclaim, and the court is authorized to exercise subject matter jurisdiction over the Crossclaim through 28 U.S.C. § 1367. Accordingly, the court denies UPRR's motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's "Motion to Dismiss Intervening Counties' Crossclaim and Intervening Counties' Request for Stay" [Docket No. 72] is DENIED. Accordingly, the Counties' request for a stay is MOOT.

DATED this 17th of July, 2019.

                                        DALE A. KIMBALL
                                        United States District Judge