# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UTAH STATE TAX COMMISSION; JOHN L. VALENTINE, Commissioner and Chair of the UTAH TAX COMMISSION; and THE STATE OF UTAH,<br><br>Defendants,<br><br>v.<br><br>BEAVER COUNTY, BOX ELDER COUNTY, CARBON COUNTY, EMERY COUNTY, GRAND COUNTY, MILLARD COUNTY, MORGAN COUNTY, SALT LAKE COUNTY, SUMMIT COUNTY, and TOOELE COUNTY,<br><br>Intervenor Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-00630-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants Utah State Tax Commission, John L. Valentine, and the State of Utah's (collectively, the "State Defendants") Motion in Limine to Exclude Trial Testimony and Evidence Related to Other States' Assessments of UPRR [ECF No. 89] and the Intervenor Defendants' (the "Counties") Motion in Limine to exclude the same [ECF No. 94].[1] The Motions have been fully briefed by the parties. Neither party requested a hearing on the Motions nor does the court believe that a hearing would significantly aid in its

---

[1] Because the Counties' motion simply incorporates by reference all the arguments and authorities contained in the State Defendants' motion, the court will limit its analysis to the State Defendants' motion for the resolution of both motions.

determination of them. Accordingly, the court issues the following Memorandum Decision and Order based on the submissions of the parties and the law and facts relevant to the Motions.

## BACKGROUND

Plaintiff Union Pacific Railroad Company's ("UPRR") filed suit in this court on August 10, 2018, wherein it alleged that the State Defendants had violated Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976 (the "4-R Act"). In its complaint, UPRR avers that the State Defendants overvalued UPRR's taxable Utah rail transportation property, which resulted in UPRR being subjected to inflated property taxes. To remedy that overvaluation, UPRR seeks injunctive and declaratory relief, including a determination of the true market value of UPRR's Utah rail transportation property. After UPRR filed its complaint, the Counties intervened and filed a crossclaim in which they contend that the State Defendants undervalued UPRR's Utah property in violation of Utah law.

## DISCUSSION

The State Defendants and Counties now move to preclude UPRR from presenting any testimony or evidence related to other states' assessments of UPRR's property at trial pursuant to Federal Rules of Evidence 401 and 403. Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If a party can demonstrate that its proffered evidence is relevant, then Rule 403 kicks in, which provides:

> The court may exclude *relevant evidence* if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403 (emphasis added). When ruling on a motion to exclude evidence under Rule 403, courts are tasked with "balancing the probative value of and need for the evidence against

the harm likely to result from its admission." *C.A. Assocs. v. Dow Chem. Co.*, 918 F.2d 1485, 1489 (10th Cir. 1990) (quoting *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1257 (10th Cir. 1988)). In undertaking this balancing test, courts must keep in mind that "[t]he exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly." *United States v. Espinoza*, 244 F.3d 1234, 1240 (10th Cir. 2001) (internal quotation marks omitted).

In this case, the court will eventually be tasked with determining the true market value of UPRR's property to determine whether the State Defendants' valuation of UPRR violates the 4-R Act. *See Burlington N. R. Co. v. Bair*, 766 F.2d 1222, 1226 (8th Cir. 1985) ("[T]he district court must make findings of fact on: (1) the assessed value of plaintiff's property; (2) the true market value of plaintiff's property; (3) the assessed value of all other commercial and industrial property in the same assessment jurisdiction; and (4) the true market value of all such other commercial and industrial property.") (internal quotation marks omitted). To that end, the State Defendants argue that nineteen other states' assessments of UPRR's property are irrelevant because such evidence will not assist the court in determining the true market value of UPRR's Utah property. But even if UPRR could establish the evidence's relevance, the State Defendants contend that allowing it would confuse the issues, waste time, and unfairly prejudice them. Furthermore, the State Defendants argue that it is not a guarantee that the other states value property (referred to as a "unit") in the same manner that Utah values units. Thus, the State Defendants would be required to conduct extensive discovery into how the other states have assessed UPRR and why they have reached the corresponding valuations. The State Defendants contend that this would unnecessarily lengthen the trial while providing very little, if any, probative value.

In response, UPRR explains that the evidence that the State Defendants seek to exclude is a two-page draft of a summary chart prepared by one of UPRR's expert that compares the unit values of UPRR's operating property determined by others states where UPRR operates to the unit value of UPRR's operating property derived by the State Defendants. UPRR avers that to exclude the chart would be inappropriate given that this case will involve a bench trial, not a jury trial. More specifically, UPRR asserts that "excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper'" because Rule 403 is meant to protect a jury from confusion, and since there will be no jury in this case, there is no longer a risk of confusion. *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (unpublished) (alteration in original) (quoting *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)); *see also Coffey v. United States*, No. CIV 08-0588 JB/LFG, 2012 WL 1698289, at *3 (D.N.M. May 8, 2012) ("The concerns of rule 403 apply differently in a bench trial where a jury has no role in the decision-making process."). In addition, UPRR contends that (1) Rule 403 is not intended to relieve parties of the effort and expense of discovery on relevant issues; (2) the State Defendants' motion is premature; and (3) because the Utah State Tax Commission (the "Commission") is a member of two multistate tax affiliations that promote uniformity in valuation methods and share valuation information, the State Defendants will not have to engage in extensive discovery.

In support of their respective positions, both parties cite circuit cases where the courts affirmed the decisions of district courts on the precise question at issue in this case. In *Burlington N. R. Co. v. Dep't of Revenue of State of Wash.*, 23 F.3d 239, 241 (9th Cir. 1994), the Ninth Circuit affirmed the district court's decision *to exclude* evidence of other states' valuations of Burlington Northern Railroad Company's transportation property. Conversely, in *Burlington*

*N. R. Co. v. Bair*, 60 F.3d 410, 414 (8th Cir. 1995) [*Bair II*], the Eighth Circuit affirmed the district court's decision *to allow* evidence of other states' valuations of Burlington Northern Railroad Company's transportation property. Thus, to the extent that courts have addressed whether other states' valuations should be permitted into evidence, they have reached seemingly conflicting conclusions.

In light of the foregoing arguments, the court finds the State Defendants' contentions to be the most persuasive. The court reaches this conclusion for several reasons. First, the court is not convinced that other states' valuations of UPRR's property are relevant to this court's determination of the true market value of UPRR's property. But even if the court was convinced, it finds the Ninth Circuit's decision above to be the most convincing. In that case, the district court excluded evidence of other states' valuations under Rule 403 because "if the evidence were admitted, it would result in a waste of time, confusion and undue prejudice because of the obvious complications of trying to litigate how and why and on what basis assessments in other states were made." *Burlington*, 23 F.3d at 241 (internal quotation marks omitted). The district court concluded that other states' valuations of the railroad's property would be "only marginally relevant." *Id.* The Ninth Circuit determined that the district court had not abused its discretion in excluding the evidence because "had the district court admitted some or all of [the valuation] figures into evidence, the state most certainly would have sought to examine witnesses to ascertain just how the various other states' valuations were determined." *Id.* The court further reasoned that "[s]uch a challenge would have extended the trial by a considerable period without appreciable benefit." *Id.* This analysis applies with equal force in this case. If the court were to allow UPRR to present such evidence, that evidence would overcomplicate and needlessly lengthen the trial. Moreover, the evidence is, at best, only

5

marginally relevant because other states' assessments involve different valuation methods and property amounts and have no bearing on UPRR's Utah property. Thus, under the Rule 403 balancing test, the court concludes that the harm and delay that would result from evidence of other states' valuations outweighs the evidence's marginal probative value.

Second, although the Eighth Circuit affirmed the district court's decision in allowing evidence of other states' valuations, the court reached that conclusion based on the little weight that the district court had afforded that evidence. *See Bair*, 60 F.3d at 414("We are satisfied that the District Court would have reached the same conclusion regarding [the railroad company's] value whether or not it considered [the other states' valuations]."). The Eighth Circuit's decision at least implies that had the district court relied heavily on the other valuations, it may well have been more skeptical of the evidence. *See id.*

Third, although the Tenth Circuit has opined that excluding evidence in a bench trial under Rule 403 is improper as a general matter, the issues here remove this case from that general principle. Importantly, the general rule focus primarily on the danger of unfair prejudice, *see Kienlen*, 349 F. App'x at 351, whereas here, the main reason behind the State Defendants' motion is that the evidence would waste time "without appreciable benefit," *Burlington*, 23 F.3d at 241. Furthermore, the court's hesitancy regarding the overall relevance of the evidence at issue here makes this case distinguishable from cases like *Kienlen*.

Fourth, the court finds UPRR's arguments that Rule 403 is not meant to relieve parties of the effort and expense of discovery and that the State Defendants' motion is premature to also be unavailing. Here, the State Defendants assert Rule 403 to prevent wasting time at trial; they do not assert it to simply avoid aspects of the discovery process. In addition, the Motion is not premature. There is nothing in Rule 403 that suggests that a party must wait until trial to raise it.

Moreover, as described above, Rule 403 allows for the exclusion of evidence that will waste time, and because the court is persuaded that evidence of other states' valuations will do precisely that, the court finds it unnecessary to delay its decision.

Finally, the court is unpersuaded by UPPR's argument that the State Defendants will not have to engage in extensive discovery because the Commission is a member of two multistate tax affiliations. As the State Defendants explain in their reply memorandum, not all nineteen states at issue here belong to those same tax affiliations. Further, while the purpose of the tax affiliations is to create uniformity in valuations and promote the sharing of valuation information, that does not mean that the State Defendants are aware of or can easily obtain information regarding (1) the facts that UPRR submitted to each state prior to that state's valuation of UPRR's property; (2) the methods used by the appraisers in each state; (3) the similarities and differences in the applicable laws; and (4) what processes and discussions took place between UPRR and the other states to reach the final valuations. Simply put, UPPR's argument overstates the reality of the Commission's membership in the tax affiliations. Needless to say, such membership would not eliminate the State Defendants' need to conduct extensive discovery regarding the methods and processes employed by the other states to reach their final valuation figures.

Therefore, the court concludes that UPRR should not be allowed to present evidence or testimony of other states' valuations of UPRR at trial.

## CONCLUSION

Based on the above reasoning, the State Defendants' Motion in Limine to Exclude Trial Testimony and Evidence Related to Other States' Assessments of UPRR [ECF No. 89] and the Counties' Motion in Limine to exclude the same [ECF No. 94] are hereby GRANTED.

Accordingly, the court will preclude UPRR from presenting any evidence or testimony at trial regarding other states' assessments of UPRR.

Dated this 31st day of October, 2019.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge