IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNION PACIFIC RAILROAD COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UTAH STATE TAX COMMISSION; JOHN L. VALENTINE, Commissioner and Chair of the UTAH TAX COMMISSION; and THE STATE OF UTAH,**<br><br>**Defendants,**<br><br>v.<br><br>**BEAVER COUNTY, BOX ELDER COUNTY, CARBON COUNTY, EMERY COUNTY, GRAND COUNTY, MILLARD COUNTY, MORGAN COUNTY, SALT LAKE COUNTY, SUMMIT COUNTY, and TOOELE COUNTY,**<br><br>**Intervenor Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-00630-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Union Pacific Railroad Company ("UPRR") and Defendants Utah State Tax Commission, John L. Valentine, and the State of Utah's (collectively, the "State Defendants") Stipulated Motion to Amend Scheduling Order to Continue Trial.  The Intervenor Defendants (the "Counties") oppose the motion.  Because none of the parties have requested a hearing on the motion and the court does not find one necessary, the court issues the following Memorandum Decision and Order.

This case concerns a dispute over the correct valuation of UPRR's taxable Utah rail transportation property, and it is currently set for a ten-day bench trial to begin on June 29, 2020.

UPRR and the State Defendants, however, move to postpone the trial until the fall in light of the unprecedented circumstances created by the COVID-19 pandemic. The Counties oppose the motion, arguing that it would be premature to postpone the trial because a second wave of COVID-19 infections could render the current trial date to be the safest; the logistical restrictions UPRR is facing are not unique to UPRR, but are also shared by the Counties; UPRR's economic hardships are self-imposed; and continuing the trial would severely impact the Counties.

Under Federal Rule of Civil Procedure 16(b)(4), a court may modify a scheduling order when there exists "good cause" to do so. In this case, UPRR contends that the unprecedented restrictions it is suffering as a result of the pandemic constitute good cause for continuing the trial. Despite the Counties' contentions, the court concludes that good cause exists for the trial to be postponed. The court reaches this conclusion for several reasons. First, the challenges that businesses are facing as a result of the pandemic are truly severe and unprecedented. Given the difficulties UPRR is currently enduring, it would be unjust for the court to require UPRR and the State Defendants—who stipulated to the continuance—to prepare for and have a trial that they both want continued. Second, that the hardships that UPRR is experiencing are not necessarily exclusive to UPRR only supports UPRR's request for flexibility. Given that the perils created by the pandemic are being felt by nearly every sector of society, courts need not be immovable in providing parties some leeway as they navigate these uncertain times. Third, the notion that UPRR has created its own economic hardships by, among other things, implementing cost-cutting measures such as furloughing employees is untenable. The pandemic has forced businesses across the country to take cost-cutting measures—measures that they would not take but for the existence of the pandemic. Fourth, while the court is sympathetic towards the Counties' plight and the harms that they are enduring, when viewing this case under the totality

of the circumstances, the court still finds that UPRR and the State Defendants' request to continue the case should be granted. Therefore, the court concludes that UPRR has demonstrated good cause such that a continuance in this case is warranted.

As a final matter, the Counties request that should the court grant the continuance, the court should order the release of the disputed tax dollars currently held in escrow to the Counties' treasurers. The court rejects the Counties' request. To release the escrowed funds to the Counties before reaching a final resolution in this case would essentially disclaim UPRR of the relief it seeks in this case—that is, to avoid being forced to pay additional tax funds that it claims are based on an overvaluation. As such, the court rejects the Counties' request to release the escrowed funds.

Therefore, based on the foregoing reasoning, UPRR and the State Defendants' Stipulated Motion to Amend Scheduling Order to Continue Trial is GRANTED, and the ten-day bench trial is hereby continued. Accordingly, the court's Trial Order [ECF No. 136] is hereby stricken, and the court will issue a new trial order in due course.

Dated this 19th day of May, 2020.

                                            BY THE COURT:

                                            _____
                                            DALE A. KIMBALL
                                            United States District Judge