IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UTAH STATE TAX COMMISSION; JOHN L. VALENTINE, Commissioner and Chair of the UTAH STATE TAX COMMISSION; and THE STATE OF UTAH,<br><br>Defendants,<br><br>v.<br><br>BEAVER COUNTY, BOX ELDER COUNTY, CARBON COUNTY, EMERY COUNTY, GRAND COUNTY, MILLARD COUNTY, MORGAN COUNTY, SALT LAKE COUNTY, SUMMIT COUNTY, and TOOELE COUNTY,<br><br>Intervenor Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18-cv-00630-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Union Pacific Railroad Company's Motion to Exclude Testimony of Counties' Rebuttal Expert, or, Alternatively, for Leave to File an Expert Surrebuttal Report [ECF No. 103]; the Counties' Motion in Limine to Exclude Trial Expert Testimony of Michael A. Williams [ECF No. 104]; the Counties' Motion in Limine to Exclude All Evidence Relating to Sales Assessment Ratio Study Not Carried Out Under Statistical Principles Applicable to Such a Study [ECF No. 105]; and Salt Lake County's Motion in Limine to Exclude Trial Testimony and Evidence Related to the Sales Assessment Ratio Study [ECF No. 115]. On August 12, 2020, the court held oral argument on the motions via Zoom. Plaintiff was

represented by David Crapo; Defendants were represented by Michelle Lombardi, Bryant Hinckley, and John McCarrey; Intervenor Defendant Salt Lake County was represented by Timothy Bodily; and the remaining intervening Counties were represented by Thomas Peters and David Scofield.  The court took the matter under advisement.  The court considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motions.  Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Union Pacific Railroad Company's ("UPR") filed suit in this court on August 10, 2018, wherein it alleges that the Utah State Tax Commission (the "Commission"), John L. Valentine, and the State of Utah (collectively, the "State Defendants") violated Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976 (the "4-R Act").  In its complaint, UPR avers that the State Defendants overvalued UPR's taxable Utah rail transportation property, which resulted in UPR being subjected to inflated property taxes.  To remedy that alleged overvaluation, UPR seeks injunctive and declaratory relief, including a determination of the true market value of UPR's Utah rail transportation property.  After UPR filed its complaint, the Counties intervened and filed a crossclaim in which they contend that the State Defendants undervalued UPR's Utah property in violation of Utah law.

## DISCUSSION

1. **UPR's Motion in Limine to Exclude the Counties' Rebuttal Expert or for Leave to File an Expert Surrebuttal Report**

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, UPR requests that the court exclude the testimony of the Counties' rebuttal expert, Tyler Andrus ("Andrus"), or, alternatively, permit UPR to file an expert surrebuttal report.

Federal Rule of Civil Procedure 26(a)(2) requires an expert witness to set forth a report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2). If, however, "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District courts also have discretion to enforce additional or alternative sanctions for Rule 26 violations. *See* Fed. R. Civ. P. 37(c)(1)(C). In considering whether a violation of Rule 26(a) is justified or harmless, courts analyze the following four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

In this case, UPR contends that the Counties violated Rule 26(a) by failing to disclose that they would be challenging the 4-R Ratio—a 7.48% reduction in the assessment of UPR's taxable property done by the Property Tax Division (the "Division") of the Commission—and its corresponding Sales Assessment Ratio Study (the "Study"). On August 30, 2019, the deadline for filing expert rebuttal reports, Andrus submitted his report, which, among other things, challenged the 4-R Ratio and the Study. Until then, UPR contends that it had no reason to believe that the Counties had any issues with the 4-R Ratio or the Study. Indeed, UPR points out that the Counties' primary expert, Brent Eyre ("Eyre"), applied the 4-R Ratio in the calculation of value in his report without calling it into question. UPR therefore argues that it has been

3

impermissibly deprived of the opportunity to retain a rebuttal expert to address Andrus' analysis in his report.  Accordingly, UPR requests that Andrus' testimony be excluded from trial, or, that it be given the opportunity to retain an expert to rebut Andrus' analysis with respect to the 4-R Ratio and the Study.  In response, the Counties contend that they did not violated Rule 26(a).  Yet, even if they did, they argue that their failure was both substantially justified and harmless.

In their rebuttal expert disclosure, the Counties disclosed Andrus "in accordance with Fed. R. Civil P. 26(a)(2)(C)." Affected Counties' Disclosure of Rebuttal Case Expert Witnesses ECF No. 129-1 at 4.  Rule 26(a)(2)(C) provides that an expert disclosure must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).  Because the Counties disclosed Andrus pursuant to Rule 26(a)(2)(C), they were obligated to disclose the facts and opinions to which he would testify.  However, with respect to the scope of Andrus' prospective testimony, the Counties' disclosure consisted of a single sentence: "If called, Mr. Andrus is expected to testify as to the annual sales ratio studies for 2018 in Salt Lake County, transmitted to the State, both as a fact and expert witness." ECF No. 129-1 at 4.  The court finds that this disclosure failed to adequately give UPR notice of the substance of Andrus' testimony as required by Rule 26(a).

Because the court concludes that the Counties' disclosure was lacking, the court must next determine whether the Counties' deficient disclosure was substantially justified or harmless by analyzing the four factors enumerated above.  As to the first factor, the court finds that UPR would be prejudiced by permitting Andrus to testify regarding the validity of the 4-R Ratio and the Study.  Given that the Counties' own expert relied on the 4-R Ratio, UPR was likely justified, at least to some degree, in assuming that the Counties found no issue in the 4-R Ratio

4

or the Study. Thus, allowing Andrus to testify would result in prejudice against UPR given that it has not had the opportunity to validate the 4-R Ratio and the Study by retaining an expert to rebut Andrus' opinions.

Regarding the second factor, the court finds that there exists an opportunity to cure the aforementioned prejudice to UPR by permitting it to retain an expert and thereafter file an expert surrebuttal report. While this will result in the trial being delayed, the court believes that this is the most appropriate and efficient manner to alleviate the prejudice faced by UPR as a result of the Counties' deficient disclosure. Accordingly, the court concludes that UPR's motion must be granted in part and denied in part. The motion is granted such that UPR is allowed to file a surrebuttal report but denied inasmuch as it seeks to exclude Andrus' testimony.

**2. The Counties' Motion in Limine to Exclude the Testimony of Michael A. Williams**

The Counties move to (1) exclude UPR's rebuttal expert Dr. Michael A. Williams ("Williams") from presenting any testimony at trial that does not specifically rebut the testimony of Eyre and Lucas Hendrickson ("Hendrickson") and (2) strike all portions of Williams' report that do not rebut the reports of Eyre and Hendrickson.

The Tenth Circuit has explained that rebuttal expert reports are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." *Rodgers v. Beechcraft Corp.*, 759 Fed. App'x 646, 656 (10th Cir. 2018). In this case, UPR retained Williams as a rebuttal expert to challenge the opinions of Eyre and Hendrickson. The Counties contend, however, that Williams' report goes far beyond its proper scope of rebutting the testimony of Eyre and Hendrickson. Instead, they argue that it also contains a substantial amount of direct-expert testimony. Moreover, they aver that portions of the report focus significantly on bolstering the testimony of Dr. Heaton ("Heaton"), one of UPR's other experts.

5

Accordingly, the Counties contend that UPR failed to properly abide by Rule 26(a) by advancing direct-expert opinions in Williams' report and waiting to disclose those opinions until after direct-expert reports were due. In addition, they contend that Williams's report discusses the economic pass-through principle, which is a new topic that UPR had previously failed to properly disclose. Thus, pursuant to Rule 37(c)(1), they request that the court strike various portions of Williams' report and preclude him from testifying on anything that does not directly rebut Eyre and Hendrickson.

      The court first notes that while the Counties' motion seems to seek the exclusion of much of Williams' report, their motion truthfully only seeks the exclusion of a few pages along with scattered references throughout the report. But even with that clarification, the court is persuaded that the Counties' motion must be denied. First, while the Counties challenge Williams' discussion of the economic pass-through principle, they only want to exclude small portions of that discussion in the report. Indeed, the Counties seem to find no issue with the sections of the report where Williams discusses and explains the basis of the pass-through economic principle. The court therefore finds no reason to exclude some portions but allow other portions discussing the same topic. Second, the court finds no prejudice against the Counties in permitting Williams to testify regarding the entirety of his report. The excerpts that the Counties request be excluded, which include information derived primarily from Heaton's report, have been in their possession for more than a year. As such, they have had adequate notice that such testimony may be presented at trial. Third, the fact that Williams' report seemingly bolsters Heaton's report is not sufficient grounds to strike Williams' testimony. In their reports, Eyre and Hendrickson opine that the appraisal of UPR's property was too low. Conversely, Heaton opines that the appraisal of UPR's property was too high. Given that

Williams' opinion is intended to rebut the opinions of Eyre and Hendrickson, there is nothing that precludes him from effectively rebutting Eyre and Hendrickson by opining on and reinforcing the conclusions reached by Heaton.[1]

Lastly, the court highlights that, despite the court's determination that the Counties' motion should be denied, the Counties will nevertheless have the opportunity to object at trial to any portion of Williams' testimony that they deem inappropriate and beyond its proper scope. *See Vitamins Online, Inc. v. HeartWise, Inc.*, No. 2:13-CV-00982-DAK, 2020 WL 3452872, at *2 (D. Utah June 24, 2020) (unpublished) (denying the defendant's motion in limine and finding that the proper manner for challenging the expert's testimony would be through raising objections at the bench trial).

3. **The Counties' Motion to Exclude All Evidence Relating to the Study Not Carried Out Under Statistical Principles Applicable to Such a Study**

The Counties move to exclude the Study and all testimony and other evidence relating thereto. They contend that the Study was not carried out under the proper statistical principles under the 4-R Act, which requires that sales assessment ratio studies "be carried out under statistical principles applicable to such a study[.]" 49 U.S.C. § 11501(c).

The proponent of expert testimony bears the burden of demonstrating that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc). "[T]he district court must satisfy itself that the proposed expert testimony is both reliable and relevant." *Id.* As is well established under *Daubert*, a district court must determine whether the expert's proffered testimony has "a reliable basis in knowledge and experience of his [or her] discipline." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2005). To make such a

---

[1] The court is cognizant of the fact that this may not always be the case. Indeed, the court can envision situations in which a party improperly utilizes a rebuttal expert report as a means of doing nothing more than reinforcing the opinions of a direct expert. But the court finds no such issues in the present case.

7

determination, the court must decide whether the reasoning, methodology, or reliability underlying the testimony is scientifically valid. *See id.*

In this case, Kimberlee Jones ("Jones"), an employee of the Commission, carried out the Study. Under the direction of her supervisors at the Commission, Jones conducted the Study in accordance with a 2007 Memorandum of Understanding (the "MoU") between UPR and the Division. The MoU was a byproduct of previous legal actions between UPR and the Commission. In 1984, UPR and other railroads filed suit under the 4-R Act against the Commission. In that case, the railroads and the Commission reached a Stipulated Order of Partial Settlement (the "1989 Stipulated Order"), which provided parameters for subsequent railroad studies. In 1991, UPR, other railroads, and the Commission, stipulated to a schedule for exchanging data under the 1989 Stipulated Order (the "1991 Stipulation"). Around 1995 and every five years since, UPR and the Division agreed to an assessment level of 86.77% for personal property in lieu of an audit. They further agreed to what year's sales would be used for a particular lien date. In 2007, UPR and the Division signed the MoU agreeing to guidelines for implementing the 1989 Stipulated Order and the 1991 Stipulation. The MoU outlines acceptance and rejection criteria for sales in subsequent railroad studies. Therefore, in conducting and preparing the Study, Jones followed the 1989 Stipulated Order and subsequent agreements between UPR and the Commission/Division, including the MoU.

In their motion, the Counties now contend that conducting the Study in accordance with the MoU fails to satisfy the requirements of the 4-R Act. The Counties argue that Jones should have conducted the Study by using the Commission's Standard 6 or the International Association of Assessing Officers ("IAAO") Standard on Ratio Studies instead of following the MoU. They aver that the MoU incorporates invalid verification criteria and, as such, is statistically unreliable

and inaccurate. Further, the Counties argue that Jones lacks the necessary expertise in statistics to properly carry out a study that meets the statistical principles required under the 4-R Act. Accordingly, the Counties request that the Study be excluded from trial and Jones be precluded from testifying as to the validity of the Study.

The court finds several issues with the Counties' motion. First, this case involves the 4-R Act, which is concerned with discrimination against interstate commerce in the assessment of rail transportation property. The Counties provide no legal authority to suggest that IAAO standards are the proper standards to apply in 4-R Act cases. Likewise, the Counties have failed to produce any legal authority establishing their claim that Jones was required to carry out the Study in accordance with IAAO standards. Second, Jones is not required to be an expert statistician to provide testimony on the Study. Importantly, while the State Defendants disclosed that Jones may testify as an expert, she is primarily meant to be a fact witness. Yet, in any event, the court is persuaded that Jones has the necessary background to qualify her as an expert with respect to the Study. Third, much of the Counties' motion goes to the weight the Study, not its admissibility. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001). Fourth, given the significance of the Study in this case, the court is wary of summarily excluding it from trial. Instead, the court concludes that the proper venue for attacking the Study will be "through vigorous cross-examination, and the presentation of contrary evidence" at trial. *Bimbo Bakeries USA, Inc. v. Sycamore*, No. 2:13-CV-00749, 2017 WL 1377991, at *2 (D. Utah Mar. 2, 2017) (unpublished). For these reasons, the court concludes that the Counties' motion to exclude the Study and any evidence related thereto should be denied.[2]

---

[2] In Salt Lake County's Motion in Limine to Exclude Trial Testimony and Evidence Related to the Sales Assessment Ratio Study [ECF No. 115], Salt Lake County incorporates by reference all of the arguments asserted by the other Counties in their motion to exclude the Study. Given that Salt Lake County's motion is essentially the

9

As a final matter, in UPR's opposition to the Counties' motion, it incorporated a motion for sanctions wherein it requested that the court award UPR the reasonable expenses and attorney's fees incurred in responding to the Counties' motion. UPR contends that the Counties' motion is not well-founded because all of the parties to this proceeding have allowed the assessment of UPR to move forward in accordance with the agreed-upon procedure for over twenty years. Until the Counties' motion, the procedure had been accepted and followed without criticism by the Counties, the Commission, and UPR. The court, however, rejects UPR's motion for sanctions for two reasons: (1) it does not find the Counties' conduct to be sanctionable and (2) UPR failed to follow the proper procedure in filing its motion for sanctions. *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document."). Accordingly, UPR's motion for sanctions is denied.

## CONCLUSION

Based on the above reasoning, UPR's Motion to Exclude Testimony of Counties' Rebuttal Expert, or, Alternatively, for Leave to File an Expert Surrebuttal Report [ECF No. 103] is hereby GRANTED in part and DENIED in part; the Counties' Motion in Limine to Exclude Trial Expert Testimony of Michael A. Williams [ECF No. 104] is hereby DENIED; the Counties' Motion in Limine to Exclude All Evidence Relating to Sales Assessment Ratio Study Not Carried Out Under Statistical Principles Applicable to Such a Study [ECF No. 105] is hereby DENIED; and Salt Lake County's Motion in Limine to Exclude Trial Testimony and Evidence Related to the Sales Assessment Ratio Study [ECF No. 115] is hereby DENIED. The court directs UPR to file (1) a Rule 26(c) expert witness disclosure within seven days of the date of this decision and (2) a surrebuttal witness report within thirty days of its Rule 26(c) expert

---

exact same as the other Counties' motion, Salt Lake County's motion is denied for the same reasons enumerated above.

witness disclosure.  The Counties and/or the Commission will then be given thirty days from the time that UPR produces the surrebuttal report to depose the expert.

Dated this 26th day of August, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge